IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| FIRST COMMUNITY BANK,  )<br>    Plaintiff,                             )<br>                                                )<br>v.                                              )<br>                                                )<br>BRAZIL NATURAL, INC.          )<br>D/B/A VERONA EXOTIC STONES,  )<br>    First Defendant,                    )<br>                                                )<br>                                                ) | CIVIL ACTION NO.: _____ |

## COMPLAINT FOR FRAUDULENT CONVEYANCE

COMES NOW, FIRST COMMUNITY BANK ("Plaintiff"), Plaintiff herein, and brings this Complaint for Fraudulent Transfer against the above-named Defendant and states as follows;

### Jurisdiction and Venue

1. Plaintiff is a Banking institution, chartered in the state of South Carolina and authorized to do business in the State of Georgia.

2. Defendant Brazil Natural, Inc. (hereinafter referred to as "Brazil Company"), is a California Corporation organized and existing under the laws of the State of California and may be served with summons and a copy of this Complaint by serving its registered agent; **William Teixeira Dos Reis, 3060 Giant Road, San Pablo, California 95242.**

3. Anthony Larosa Griffin (hereinafter referred to as "Griffin") is not a party to this action, but is relevant to this proceeding, is an individual, living and residing in Columbia County, Georgia. Pursuant to a Default Judgment ordered by the Superior Court of Columbia County, Georgia (Case No. 2022ECV0223) Griffin is indebted to Plaintiff.

4. International Entertainment Golf Training Center, LLC (Also referred to as "Griffin Company"), is limited liability Griffin Company organized and existing under the laws of the State of Georgia, is not a party to this action, but is relevant to this proceeding.

5. Pursuant to a Default Judgment ordered by the Superior Court of Columbia County, Georgia (Case No. 2022ECV0223) Griffin and Griffin Company (hereinafter collectively referred to as "Debtor") are jointly and severally indebted to Plaintiff.

6. Pursuant to O.C.G.A. §18-2-80, this matter is governed by the laws of the State of Georgia.

7. Pursuant to O.C.G.A. §18-2-80, this Court and this Venue is proper.

**Facts**

8. Sometime on or around March 3, 2022, Debtor deposited a check made payable to "Augusta Golf Training Center" into his First Community Bank Account 0841 in the amount of $145,439.84 at the Augusta branch of Plaintiff, located at 771 Broad Street, Suite 100, Augusta Georgia 30901.  Said check is more specifically identified as check number 750499 (hereinafter referred to as the "Check") drawn on a Wells Fargo account owned by Jetstream of Houston, LLP (hereinafter referred to as "Drawer"), 5905 Thomas Road, Houston, Texas 77041.

9. Sometime on or around March 7, 2022, Griffin authorized a wire transfer from Account 0841 in the amount of $97,962.01 (hereinafter referred to as the "Fraudulent Transfer") to a JP Morgan Chase Bank, NA (hereinafter referred to as "JP Morgan") bank account owned by Brazil Company bearing account number *****5967 ("hereinafter referred to as "Brazil Company Bank Account").

10. March 8, 2022, Drawer reported Check as altered, fictitious, and or fraudulent, therefore, a chargeback in the amount of $145,439.84 on Account 0841 was issued back to Drawer, as Plaintiff is required to do by law.

11. March 8, 2022, Plaintiff sent a service request to JP Morgan to request a recall of Wired Funds. Sometime on or around March 9, 2022, JP Morgan confirmed that Wired Funds were no longer held in Brazil Company Bank Account.

12. On March 7, 2022 an online transfer from Brazil Company Bank Account in the amount of $97,000.00 to a JP Morgan checking account bearing the last four (4) digits 4812. Attached hereto as Exhibit A is a true and correct copy of the March 2022 bank statement of the Brazil Company Bank Account.

13. The Fraudulent Transfer made the Debtor insolvent in that the Debtor's debts are greater than the sum of the Debtor's assets.

14. Plaintiff's claim against Debtor arose after the Fraudulent Transfer was made.

15. The Fraudulent transfer was made with the actual intent to hinder, delay, or defraud Plaintiff.

16. Defendants did not provide Debtor with a contemporaneous exchange of value for the Fraudulent Transfer.

17. Defendants did not provide Debtor anything of value in exchange for the Fraudulent Transfer before or after the transfer was made.

18. Debtor should have reasonably believed that he would incur debts beyond his or her ability to pay as they became due.

19. The Fraudulent Transfer was substantially all of Debtor's assets.

20. As a result of the aforementioned default judgment, Debtor is indebted to Plaintiff in the amount of $115,351.98.

21. Debtor transferred $97,961.01 to Defendants and became insolvent because of said transfer.

**Claim – Fraudulent Transfer – O.C.G.A. § 18-2-70 *et. seq.***

22. Plaintiff hereby incorporates all preceding paragraphs of Plaintiff's Complaint as if fully restated herein.

23. Under the definition of "debtor" in O.C.G.A. § 18-2-71, Debtor is a debtor to Plaintiff.

24. Debtor became insolvent as a result of the Fraudulent Transfer, in that the sum of Debtor's debts became greater than the sum of Debtor's assets.

25. Debtor was under no legal obligation to transfer $97,961.01 to Defendants.

26. The Fraudulent Transfer was made to Defendants without Debtor receiving reasonably equivalent value.

27. Plaintiff has a valid claim against Debtor in the amount of $115,351.98.

28. Debtor was engaged in a transaction for which the remaining assets of Debtor were unreasonably small in relation to the Fraudulent Transfer.

29. Debtor should have reasonably believed that he would incur debts beyond his ability to pay as a result of this Fraudulent Transfer.

30. Pursuant to Georgia law, the Fraudulent Transfer of $97,961.01 to Defendants is voidable as to Plaintiff.

WHEREFORE, Plaintiff prays that this Court find as follows:

a. That the Fraudulent Transfer is voidable as to Plaintiff pursuant to O.C.G.A. §18-2-70, *et. seq;*

b. Issue a judgment in favor of Plaintiff and against Brazil Company and Authorized Signers, joint and severally, in the amount of $97,961.01; and

c. For such other and further relief that this Court deems necessary and proper.

This 6th day of March 2022.

/s/ Bowen A. Klosinski
Bowen A. Klosinski
Attorney for Plaintiff
Georgia Bar No. 842225

KLOSINSKI OVERSTREET
1229 Augusta West Parkway
Augusta, Georgia 30909
706-863-2255
bak@klosinski.com

**EXHIBIT A**

**CHASE**

March 01, 2022 through March 31, 2022

Account Number: 5967

## DEPOSITS AND ADDITIONS

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 03/02 | Online Transfer From Chk ...4812 Transaction#: 13791382199 | $100.00 |
| 03/07 | Fedwire Credit Via: First Community Bank/053202208 B/O: Augusta International Entertainmentgrovetown GA 30813-5201 Ref: Chase Nyc/Ctr/Bnf=Brazil Natural, Inc. Dba Verona Lodi CA 95242-9289 U S/Ac-000000008876 Rfb=O/B First Com M L Imad: 0307Mmqfmpl3000013 Trn: 0258410066Ff | 97,947.01 |
| 03/30 | Online Transfer From Chk ...4812 Transaction#: 13991170907 | 300.00 |
| 03/31 | Online Transfer From Chk ...4812 Transaction#: 14001995301 | 100.00 |
| **Total Deposits and Additions** | | **$98,447.01** |

## ATM & DEBIT CARD WITHDRAWALS

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 03/16 | Recurring Card Purchase 03/16 Intuit *Quickbooks O Cl.Intuit.Com CA Card 1732 | $80.00 |
| **Total ATM & Debit Card Withdrawals** | | **$80.00** |

## ATM & DEBIT CARD SUMMARY

William T Dosreis  Card 1732

| | |
|---|---|
| Total ATM Withdrawals & Debits | $0.00 |
| Total Card Purchases | $80.00 |
| Total Card Deposits & Credits | $0.00 |

ATM & Debit Card Totals

| | |
|---|---|
| Total ATM Withdrawals & Debits | $0.00 |
| Total Card Purchases | $80.00 |
| Total Card Deposits & Credits | $0.00 |

## ELECTRONIC WITHDRAWALS

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 03/02 | Orig CO Name:Allstate Nbindco     Orig ID:1362999368 Desc Date:Feb 22 CO Entry Descr:Ins Prem  Sec:PPD   Trace#:021000020770747 Eed:220302   Ind ID: Ind Name:Dosreis Trn: 0610770747Tc | $393.52 |
| 03/07 | 03/07 Online Transfer To Chk ...4812 Transaction#: 13829237650 | 97,000.00 |
| 03/09 | Zelle Payment To Brazil Natural Imc Jpm9999Ltv4U | 100.00 |
| 03/10 | 03/10 Online Payment 13849090352 To Chase Cardmember Services | 250.00 |
| 03/16 | Orig CO Name:American           Orig ID:Citictp    Desc Date:220315 CO Entry Descr:Online Pmtsec:Web   Trace#:091409681773485 Eed:220316   Ind ID:620695316263803         Ind Name:William T Dos Trn: 0751773485Tc | 100.00 |
| 03/17 | Orig CO Name:Reliastarlife415    Orig ID:9778793001 Desc Date:220317 CO Entry Descr:Policy Pmtsec:PPD    Trace#:021000022935823 Eed:220317   Ind ID: Ind Name:Brazil Natural Inc Trn: 0762935823Tc | 288.58 |
| 03/18 | Orig CO Name:Vba Nea           Orig ID:8003662467 Desc Date:220317 CO Entry Descr:Membershipsec:PPD   Trace#:103002698561259 Eed:220318   Ind ID: Ind Name:Stone, Brazil Trn: 0778561259Tc | 39.95 |
| 03/30 | Orig CO Name:Allstate Nbindco     Orig ID:1362999368 Desc Date:Mar 22 CO Entry Descr:Ins Prem  Sec:PPD   Trace#:021000022474530 Eed:220330   Ind ID: Ind Name:Dosreis Trn: 0892474530Tc | 393.52 |
| **Total Electronic Withdrawals** | | **$98,565.57** |