IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| FIRST COMMUNITY BANK, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 123-023 |
| | * | |
| BRAZIL NATURAL, INC. d/b/a | * | |
| VERONA EXOTIC STONES, | * | |
| | * | |
| Defendant. | | |

O R D E R

Presently pending before the Court is Plaintiff's motion for default judgment as to Defendant Brazil Natural, Inc. d/b/a Verona Exotic Stones.  (Doc. 12.)  Plaintiff requests the Court enter default judgment against Defendant in the amount of $97,961.01, plus court costs of $402.00.  (Id. at 1.)  On June 15, 2023, the Clerk of Court entered default against Defendant in this case.  (Doc. 11.)  Then on June 26, 2023, Plaintiff filed the currently pending motion.

"[D]efendant's default does not itself warrant the court in entering a default judgment.  There must be a sufficient basis in the pleadings for the judgment entered. . . .  The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."  Nishimatsu Constr. Co. v. Houston Nat'l Bank,

515 F.2d 1200, 1206 (5th Cir. 1975).[1] In other words, a defendant, by its default, is only deemed to have admitted "plaintiff's well-pleaded allegations of fact." Id. In the end, "three distinct matters [are] essential in considering any default judgment: (1) jurisdiction; (2) liability; and (3) damages." Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004).

Starting with jurisdiction, before the Court can enter default judgment, it "must have personal and subject-matter jurisdiction over the defendant." Id. In the Complaint, Plaintiff only alleges Defendant "is a California Corporation organized and existing under the laws of the State of California" and that this Court and venue are proper pursuant to O.C.G.A. § 18-2-80. (Doc. 1, at 1-2.) However, O.C.G.A. § 18-2-80 does nothing to inform the Court about whether it has jurisdiction over the Defendant. Instead, this statute provides the Court with instructions on the governing law - here, Georgia law. See O.C.G.A. § 18-2-80 ("A cause of action in the nature of a claim for relief under this article is governed by the law of the jurisdiction in which the *debtor* is located when the transfer is made or the obligation is incurred." (emphasis added).). Furthermore, Defendant is a California corporation and is not the debtor in this case. As such, the Court is without crucial information needed to determine

---

[1] See Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (holding Fifth Circuit decisions made on or before September 30, 1981 are binding precedent in the Eleventh Circuit).

2

if it in fact has personal and subject-matter jurisdiction over the Defendant.

As to subject-matter jurisdiction, it does not appear from the Complaint there is any federal question as Plaintiff brings its claim under Georgia law. (See Doc. 1, at 2, 4.) The Court therefore turns to diversity jurisdiction. Plaintiff pled Defendant is a corporation in California; however, "[a] corporation is 'a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Beasley Forest Products Inc. v. N. Clearing, Inc., 515 F. Supp. 3d 1367, 1371 (S.D. Ga. 2021) (quoting 28 U.S.C. § 1332(c)(1)). Without more information on Defendant, the Court is unable to determine if it has subject-matter jurisdiction over this cause of action.

As to personal jurisdiction, the Court faces a similar dilemma. "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, 1257 (11th Cir. 2010) (citation omitted).[2] "A federal court sitting in diversity undertakes a two-

---

[2] For purposes of this analysis, the Court assumes Defendant is a non-resident as Plaintiff pled it is a California corporation; however, based on what is provided in any renewed motion, the Court's analysis could change on this subject.

3

step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) does not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." Id. at 1257-58 (citation omitted). Once again, the Court lacks the necessary information to determine if Georgia's long-arm statute, O.C.G.A. § 9-10-91, confers jurisdiction, and if so, whether exercising jurisdiction over the Defendant pursuant to the long-arm statute would violate due process.

Accordingly, Plaintiff's motion for default judgment against Defendant (Doc. 12) is **DENIED WITHOUT PREJUDICE**. To the extent Plaintiff can establish that this Court has subject-matter and personal jurisdiction over Defendant, Plaintiff may submit such evidence and/or legal arguments in a subsequent motion for default judgment.

**ORDER ENTERED** at Augusta, Georgia, this 18th day of August, 2023.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA